UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES LAWSON,

    Plaintiff,

                                              CASE NO: 5:19-CV-904

vs.

MARIO'S OF NYC, LLC
    Defendant.
_____/

## COMPLAINT

Plaintiff, James Lawson ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues MARIO'S OF NYC, LLC for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Western District of Texas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the

1

Western District of Texas.

3. Plaintiff, James Lawson (hereinafter referred to as "LAWSON or Plaintiff"), is a resident of the State of Texas and is a qualified individual with a disability under the ADA. LAWSON suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he has multiple sclerosis and requires the use of a wheelchair for mobility and has limited use of his upper extremities. Prior to instituting the instant action, LAWSON visited the Defendant's premises at issue in this matter on June 6, 2019, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. LAWSON continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, MARIO'S OF NYC, LLC, is a company registered to do business and, in fact, conducting business in the State of Texas. Upon information and belief, MARIO'S OF NYC, LLC(hereinafter referred to as "MARIO'S") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically the Mario's of New York Pizza restaurant, located at 26610 US Hwy 281 N., in San Antonio, Texas

(hereinafter referred to as the "Restaurant").

5. All events giving rise to this lawsuit occurred in the Western District of Texas.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, MARIO'S is a place of public accommodation in that it is a Restaurant operated by a private entity that provides goods and services to the public.

8. MARIO'S has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

9. Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant. Prior to the filing of this lawsuit, Plaintiff visited the Restaurant at issue in this lawsuit and was denied

access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact, as a result of the barriers to access listed in Paragraph 11, below that he personally encountered.  In addition, Plaintiff continues to desire and intends to visit the Restaurant, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access which remain at the Restaurant in violation of the ADA.  Plaintiff has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. MARIO'S is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    i. There is no accessible or van accessible parking provided as necessary for wheelchair users to access the restaurant;

    ii. The entry porch is accessed by steps only with no accessible means of entry for a wheelchair user;

    iii.    The outdoor dining area is accessed by steps only with no accessible means of entry for a wheelchair user and has a gravel floor surface that is not firm or slip resistant;

    iv.    The dining area at the entry porch has a table that lacks knee and toe clearance for a wheelchair user;

    v.    Restroom: The accessible route to the restroom is too narrow for a wheelchair user. The restroom entry door has knob type hardware that requires tight grasping, pinching and/or twisting of the wrist to operate;

    vi.    The restroom entry door is too narrow for a wheelchair user;

    vii.    There is insufficient maneuvering space for a wheelchair user within the toilet room, on the pull side of the entry door, at the water closet or at the lavatory;

    viii.    There are no grab bars at the water closet.

12. There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by MARIO'S that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be

identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §§36.304 and 36.401, MARIO'S required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, MARIO'S has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by MARIO'S pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against MARIO'S and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 29th day of July, 2019.

Respectfully submitted,

By:   /s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Alabama State Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Facsimile:   (205) 822-2702
Email:         edwardzwilling@zwillinglaw.com